**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CIVIL NO. 1:15-cv-1800**

**RONALD L. DENT, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**V.**
**ENCANA OIL & GAS, INC.,**

**Defendant.**

**JURY TRIAL DEMANDED**

---

**PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION,
CLASS ACTION & JURY DEMAND**

---

1.      Defendant EnCana Oil & Gas, Inc. ("Defendant") required Plaintiff Ronald L. Dent ("Plaintiff") to work more than forty (40) hours in a workweek as Well Site Supervisor ("WSS"). Defendant misclassified Plaintiff as an independent contractor and as such paid him straight time for overtime hours worked.

2.      Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collection are referred to hereinafter as the "FLSA Class Members."

1

3. Plaintiff worked for Defendant in Colorado, Wyoming, Michigan, Louisiana and Mississippi. Just as Defendant's misclassification of Plaintiff violates the FLSA, so too does that misclassification violate the state laws of Colorado. As such, Plaintiff also brings claims under the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA") as a Rule 23 Class Action.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive, namely the failure of Defendant to pay overtime because it misclassified its employees as exempt.

6. Venue is proper in the District of Colorado because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Ronald L. Dent is an individual residing in Weld County, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant in Colorado within the last three years.

8. The FLSA Class Members are all current and former Well Site Supervisors designated as independent contractors by Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

9. The Colorado Class Members are a subset of the FLSA Class Members that performed work for Defendant in Colorado during the three-year period before the filing of this Complaint up to the date this Court certifies the class under Rule 23.

10. Defendant EnCana Oil & Gas, Inc. is a foreign corporation incorporated under the laws of Delaware and headquartered in Houston, Texas. Defendant may be served process through its registered agent The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an employer within the meaning of CO. REV. STAT. § 8-4-101(5) and the applicable Colorado Minimum Wage Orders.

13. Defendant is a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because it is a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiff and the Colorado Class Members.

14. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

15. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

17. At all material times, Plaintiff and the FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

18. At all material times, Plaintiff and the Colorado Class Members were employees of Defendant with the meaning of Co. Rev. Stat. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

19. Defendant is a leading North American energy producer. Defendant had in excess of $8 billion in revenues in 2014.

20. Plaintiff worked for Defendant as a Well Site Supervisor from approximately May 2007 to December of 2014. Plaintiff worked for Defendant in Colorado, Wyoming, and Michigan.

21. A Well Site Supervisor is responsible for monitoring and on-site supervision of the drilling completions and workover of oil and gas wells on behalf of the company that operates the well, in this case Defendant EnCana. (get Ron to massage this description)

22. Defendant employs their Well Site Supervisor workforce in multiple states including Colorado, Wyoming, and Michigan.

23. Defendant's Well Site Supervisors typically work a 12 hour shift at the well site and are on call during the other 12 hours of the day they are not at the well site. Defendant's

Well Site Supervisors typically work 14 days on and 7 days off, for a total workweek of at least 84 hours during their 14 day on shifts.

24. Plaintiff, like other Well Site Supervisors, at times would work at a single well site for weeks on end without a day off, then be shuffled to a different well site according to the needs of Defendant.

25. For compensation, Well Site Supervisors are paid a flat day rate for each day spent at the well site. The daily field pay is not overtime pay, but rather a lump sum payment that must be included in the Well Site Supervisor's regular rates of pay.

26. Plaintiff and the FLSA Class Members worked as Well Site Supervisors on a regular basis for Defendant at various oil and gas well locations in states across the country.

27. Plaintiff worked for Defendant's sole benefit as a Well Site Supervisor at multiple locations throughout Colorado, Wyoming, Michigan. Mississippi and Louisiana

28. No exemption in the FLSA or Colorado law shelters Defendant from paying overtime to its Well Site Supervisors.

29. While working for Defendant at these various locations, Plaintiff interacted with and became familiar with the way Defendant treats their other employees with respect to overtime pay and their routine misclassification of such workers as independent contractors. Therefore, Plaintiff has first-hand personal knowledge of the same pay violations throughout Defendant's operation at multiple geographical locations.

30. Defendant paid Plaintiff and all the FLSA Class Members in the same manner.

31. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the FLSA Class Members.

32. In addition, Defendants instructed Plaintiff and the FLSA Class Members about when, where, and how they were to perform their work.

33. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and the FLSA Class Members:

   a. Defendant has employees who work as Well Site Supervisors and the duties, responsibilities and conditions of such employee Well Site Supervisors are identical to those of the Plaintiff and FLSA Class Member Well Site Supervisors who were designated as independent contractors;

   b. Defendant required Plaintiff and the FLSA Class Members to report to their assigned well at a set time;

   c. Plaintiff and the FLSA Class Members had no control over what well they may be assigned to;

   d. Defendant required Plaintiff and the FLSA Class Members to request time off in advance and have that time off preapproved;

   e. Defendant issued work orders and a best practices manual to Plaintiff and the FLSA Class Members that set forth the required procedures to be followed and the order and manner in which they were to perform their services;

   f. Plaintiff and the FLSA Class Members faced termination if they failed to follow the work orders and best practices manual provided by Defendant;

    g. Defendant provided safety training to Plaintiff and the FLSA Class Members instructing them precisely how to perform their work;

    h. Plaintiff and the FLSA Class Members faced termination if they failed to attend the regular safety meetings Defendant scheduled;

    i. Defendant required Plaintiff and the FLSA Class Members to obtain a well control certification every two years and Defendant paid for the training to obtain and renew such card;

    j. Defendant assigned Plaintiff and the FLSA Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

    k. Defendant made clear to Plaintiff and the FLSA Class Members that they would be terminated if they worked for any other companies during their 7 day off shifts;

    l. Defendant required Plaintiff and the FLSA Class Members to work more than forty (40) hours per workweek, and typically Plaintiff and the FLSA Class Members worked more than eighty (8) hours per workweek;

    m. Plaintiff's and the FLSA Class Members' services were integrated into Defendant's operations;

    n. Plaintiff and the FLSA Class Members worked for Defendant for long periods of time, often years, as is common with employees;

    o. Defendant required Plaintiff and the FLSA Class Members to attend company meetings;

    p. Defendant maintained the right to discharge Plaintiff and the FLSA Class

       Members at will;

    q. Plaintiff and the FLSA Class Members did not have discretion to hire and fire other third party service contractors working on the drilling rigs, Defendant maintained those rights exclusively;

    r. Defendant supplied a list of vendors for use on the job sites and strictly required Plaintiff and the FLSA Class Members to only use vendors from such list;

    s. Defendant effectively required Plaintiff and the FLSA Class Members to install a "cartasite" device on their vehicles so that Defendant could monitor their driving habits, locations and various other driving metrics;

    t. Defendant also used the "cartasite" device to determine, in part, the amount of bonus it paid to its Well Site Supervisor employees as well as Plaintiff and the FLSA Class Members;

    u. Neither Plaintiff nor other FLSA Class Members incurred any unreimbursed expenses in connection with the services they provided Defendant;

34. Furthermore, the degree of investment Plaintiff and the FLSA Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Plaintiff and the FLSA Class Members were not required to supply any tools. On the other hand, Defendant provided Plaintiff and the FLSA Class Members with computers, which they were required to give back to Defendant after being terminated.

35. A substantial portion of Defendant's annual revenue is derived from work performed by Plaintiff and the FLSA Class Members.

36. Despite these facts, Defendant improperly classified Plaintiff and the FLSA Class Members as independent contractors and not employees.

37. Defendant classified their employees as independent contractors to avoid their obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendant's operational costs to their work force.

38. However, at all times, Plaintiff, the FLSA Class Members and other similarly situated workers were employees of Defendants.

39. Defendant hired, fired and supervised the Well Site Supervisors. Defendant also set the schedule for the Well Site Supervisors. Defendant controlled the details of the Well Site Supervisor's jobs including locations, hours worked, and monitoring the safety of employees.

40. Defendant tracked the time and days the Well Site Supervisors worked just as is common for typical employer-employee relationships.

41. Although Plaintiff has been required to work more than forty (40) hours per work-week, and did so frequently, Plaintiff was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

42. Instead, Plaintiff was paid a flat day rate for all hours worked, regardless of how many hours he actually worked.

43. No FLSA exemption applies to employees such as Plaintiff or the FLSA Class Members.

44. No exemptions under the CWCA or the applicable Minimum Wage Orders apply to Plaintiff or the FLSA Class Members.

45. Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Indeed, Defendant's conduct is all the more egregious because they intentionally set up a paper profile that belied the true interaction and conduct of the company and its workforce. For example, Defendant insisted that their workers submit so-called "invoices," not time sheets. Defendant even created the "invoice form" their workers were required to use, which was nothing more than a time sheet. Encana set up invoicing thru ADP Open Invoice. Defendant required their workers to complete other paper work which Defendant intended to, on the surface, give the impression that their workforce was composed of hundreds of independent contractors. In reality, Defendant operated and sold their services through a workforce of hundreds of employees.

46. That is, Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Accordingly, Defendant's violations of the FLSA were willful.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

47. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

48. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

49. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

51. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

52. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.

53. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

54. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

55. Defendants have classified and continue to classify the FLSA Class Members as independent contractors, or as fictional third parties providing services pursuant to a Master Services Agreement.

56. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

57. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

58. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

59. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

60. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

61. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

62. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

63. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

64. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former Well Site Supervisors designated as independent contractors who performed work for Defendant throughout the United States during the three-year period before

the filing of this Complaint up to the date the court authorizes notice.

## COUNT TWO: VIOLATION OF COLORADO WAGE CLAIM ACT
## (CLASS ACTION)

65. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

66. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the CWCA. At all relevant times, Defendant has employed and continues to employ, "employees," including the Colorado Class Members, within the meaning the CWCA.

67. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

68. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and on behalf of the Colorado Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiff and the Colorado Class Members for all unpaid overtime wages.

## RULE 23 CLASS ACTION ALLEGATIONS

69. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

70. Plaintiff brings his overtime claims arising under the CWCA as a Rule 23 class action on behalf of the following classes:

> Colorado Class: All current and former Well Site Supervisors designated as independent contractors who worked in Colorado during the three-year period before the filing of this Complaint.

71. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes the members of the class are so numerous that their individual joinder is impractical.

72. The identity of the members of the classes is readily discernible from Defendant's records.

73. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

74. Common questions of law and fact exist to all members of the classes. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Colorado Class Members worked hours in excess of forty per work week;

   b. Whether Plaintiff and the Colorado Class Members worked in excess of 12 hours per day or 12 consecutive hours in any period;

   c. Whether Plaintiff and the Colorado Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by Colorado law;

   d. Whether Defendants failed to properly classify Plaintiff and the Colorado Class Members as non-exempt employees under Colorado law.

75.     These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

76.     Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid overtime wages in accordance with Colorado law and because Defendant classified him as an independent contractor just as it did with the Colorado Class Members.

77.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiff and his counsel.

78.     The class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Colorado Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive

supervision by a single court. Plaintiff is not aware of any other current litigation filed against this Defendant asserting similar claims.

79. The operative question in this case is whether the workers in question were non-exempt employees. Therefore evidence common to all classes will be determinative to all classes.

## JURY DEMAND

80. Plaintiff and the FLSA Class Members hereby demand trial by jury on all issues.

## PRAYER

81. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for all Well Site Supervisors designated as independent contractors to permit them join this action by filing a written notice of consent;

   b. An order certifying this case as a class action under Rule 23 for the Colorado state law claims;

   c. A judgment against Defendant awarding Plaintiff, the FLSA Class Members, and the Colorado Class Members all their unpaid overtime compensation and liquidated damages;

   d. An order awarding attorneys' fees, costs, and expenses;

   e. Pre- and post-judgment interest at the highest applicable rates; and

   f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ Don J. Foty
     Don J. Foty
     dfoty@kennedyhodges.com
     Texas State Bar No. 24050022
     Admitted before U.S. District Court of Colorado
     711 W. Alabama St.
     Houston, TX 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS