# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 15-cv-01800-CMA

RONALD L. DENT, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ENCANA OIL & GAS, INC.,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION (DOC. # 9)

This matter is before the Court on Defendant Encana Oil & Gas (USA) Inc.'s Motion to Compel Arbitration of Plaintiff's Individual Claims and to Dismiss or, Alternatively, to Close or Stay Litigation.  (Doc. # 9.)  Plaintiff concedes that his claims must be arbitrated, and he has, in fact, initiated arbitration of those claims against Defendant, therefore, Defendant's request for an order finding the arbitration provision valid, enforceable, and applicable to Plaintiff's claims and compelling Plaintiff to arbitration is denied as moot.  The Court finds that the arbitration clause in the agreement signed by Plaintiff and Defendant authorizes the arbitrator to interpret the agreement and determine whether it permits Plaintiff's collective and class action claims to proceed in arbitration; therefore, Defendant's request for an order finding that Plaintiff's collective and class action claims are not permitted to proceed in arbitration is

denied. Defendant's request for an order administratively closing this litigation is granted.

## I.     BACKGROUND

Plaintiff Ronald Dent worked for Defendant as a well site supervisor from, approximately, May 2007 to December 2014. (Doc. # 3 at 4.) Plaintiff claims that Defendant misclassified him and other well site supervisors as "independent contractors" and, therefore, violated the Fair Labor Standards Act ("FLSA") when it failed to pay "time and a half" for work in excess of 40 hours per week. (Doc. # 3 at 1.) On August 20, 2015, Plaintiff filed a complaint, which he amended that same day, alleging violations of the FLSA and the Colorado Wage Claim Act ("CWCA"). (Doc. # 3.) In addition to prosecuting these claims on his own behalf, Plaintiff seeks to bring his FLSA claim as a collective action and his CWCA claim as a class action. (Doc. # 3 at 11-16.)

On October 2, 2015, Defendant moved to compel arbitration. (Doc. # 9.) In support of its motion, Defendant cites an arbitration provision in the governing contract between Plaintiff and Defendant, which provides:

> <u>Arbitration.</u>  Any disputes between the parties arising out of
> or in connection with this Agreement shall be fully and finally
> settled by arbitration, before one arbitrator, in accordance
> with the most current International Institute for Conflict
> Prevention and Resolution ("CPR") Rules for Non-
> Administered Arbitration.  Such arbitration shall be
> conducted in Denver, Colorado.  Each party shall pay its
> own costs and attorneys fees.

(Doc. # 9-2 at 10.) In its motion, Defendant asks the Court to:

> (1) rule that the arbitration provision in the parties' Master Services Agreement (Ex. A ¶ 26) is valid, enforceable, and includes Plaintiff's individual claims;
>
> (2) rule that only Plaintiff's individual claims are arbitrable and that the collective and class action allegations are not arbitrable under the parties' agreement; and
>
> (3) compel arbitration between the parties on Plaintiff's individual claims, and dismiss Plaintiff's claims or, alternatively, administratively close or stay this litigation.

(Doc. # 9 at 1.)

On October 16, 2015, Plaintiff filed the consent of Mickey Peck to opt-in to Plaintiff's FLSA collective action. (Doc. # 10.) Defendant has not moved to compel arbitration with Mr. Peck.

On October 26, 2015, Plaintiff responded to Defendant's motion to compel arbitration. (Doc. # 12.) In his response, Plaintiff states that he "does not oppose [Defendant's] request to proceed in arbitration" (Doc. # 12 at 4) and that he "has initiated his claim in arbitration." (Doc. # 12 at 2.) On November 9, 2015, Defendant filed a reply in further support of its motion to compel arbitration. (Doc. # 14.)

## II.   DISCUSSION

Plaintiff concedes that his claims must be arbitrated, and he has, in fact, initiated arbitration of those claims against Defendant. (Doc. # 12 at 4.) Thus, Defendant's motion is moot to the extent that it seeks an order finding the arbitration provision valid, enforceable, and applicable to Plaintiff's claims and compelling Plaintiff to arbitration. However, the parties continue to dispute whether Plaintiff may pursue his collective and class action claims in arbitration and, as a preliminary matter, whether it is the Court or

3

the arbitrator who determines whether Plaintiff's collective and class action claims can proceed in arbitration.  Plaintiff believes that the arbitrator should determine whether Plaintiff can arbitrate his claims as collective and class actions (Doc. # 12 at 6); whereas, Defendant argues that the Court should make this determination (Doc. # 14 at 3).  If the Court were to conclude that it is the Court's decision, Defendant argues that the Court should find that Plaintiff's collective and class action claims cannot proceed in arbitration; Plaintiff, on the other hands, argues that his collective and class action claims should be allowed to proceed in arbitration.

With regard to the primary question— whether the Court or the arbitrator determines whether Plaintiff's collective and class action claims can proceed in arbitration—Defendant frames the issue as one of "arbitrability" and asserts that, because the parties have not expressly agreed to submit the question to the arbitrator, it is for the Court to decide.  (Doc. # 9 at 11.)  In support of its position, Defendant cites *Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 1530 (2015), and *Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 2291 (2014).

Plaintiff, on the other hand, argues that "Tenth Circuit case law mandates that the arbitrator is to determine whether the agreement allows for class/collective actions in arbitration." (Doc. # 11.)  In support of his position, Plaintiff cites *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003).

As an initial matter, the Court observes that—despite Plaintiff's contention—there is no precedent binding on the Court on this particular issue.  The Tenth Circuit has not

4

addressed the issue presented here and, although five Justices concurred in the judgment in *Bazzle*, only three other Justices joined the plurality opinion written by Justice Breyer. While the plurality opinion in *Bazzle* is not binding precedent, the Court nonetheless finds it persuasive. The Court also notes that another court in the District of Colorado to have addressed this issue determined that the arbitrator should decide whether the claims could proceed in arbitration on a class-wide basis. *See Fisher v. General Steel Domestic Sales, LLC*, Case No. 10-cv-1509, 2010 WL 3791181 (D. Colo. Sept. 22, 2010).

*Bazzle* involved a dispute between a commercial lender and its customers. *Bazzle*, 539 U.S. at 447. The parties had entered into a contract with an arbitration clause that, in part, stated the following:

> ARBITRATION – All disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract . . . shall be resolved by binding arbitration by one arbitrator selected by us with consent of you.

*Id*. at 448.

The issue presented in *Bazzle* was whether the South Carolina Supreme Court's holding that the contract permitted class arbitration was consistent with the Federal Arbitration Act ("FAA"). *Id*. at 447. The plurality opinion did not reach this question, however, because it determined that whether the agreement permitted class arbitration "is a matter for the arbitrator to decide." *Id*. Because the parties had "not yet received an arbitrator's decision on that question of contract interpretation," the Court vacated the

judgment and remanded the case "so that this question may be resolved in arbitration." *Id*.

In reaching the conclusion that the arbitrator should decide whether the agreement permitted class arbitration, the plurality opinion relied on "the terms of the parties' contracts" and, specifically, the language in the arbitration clause stating that the parties agreed to submit to binding arbitration "*[a]ll* disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract." *Id*. at 451 (emphasis added).  The plurality opinion found that "the dispute about what the arbitration contract in each case means (*i.e.*, whether it forbids the use of class arbitration procedures) is a dispute 'relating to this contract' and the resulting 'relationships.'" *Id*.  Therefore, it concluded, "the parties seem to have agreed that an arbitrator, not a judge, would answer the relevant question."  *Id*. at 452.  The plurality opinion also found that, if there is doubt about whether an issue should be arbitrated, a court "should resolve that doubt 'in favor or arbitration.'"  *Id*. (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

In a separate opinion in which he concurred in the judgment, Justice Stevens stated that he would "simply affirm the judgment of the Supreme Court of South Carolina" because "the decision to conduct a class action arbitration was correct as a matter of law" and the petitioner simply challenged the merits of the decision, not who made it.  *Id*. at 455.  Although Justice Stevens did not reach the question of who should make the decision, he expressed the belief that "[a]rguably the interpretation of the parties' agreement should have been made in the first instance by the arbitrator, rather

than the court." *Id*. (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002)). Ultimately, Justice Stevens concurred in the judgment so that there would be a controlling judgment from the court and "because Justice Breyer's opinion expresses a view of the case close to my own." *Id*.

In the present matter, the parties entered into a similarly broad arbitration clause, which provides that "[a]ny disputes between the parties arising out of or in connection with this Agreement shall be fully and finally settled by arbitration." (Doc. # 9-2 at 10.) Like the plurality opinion in *Bazzle*, this Court finds that the dispute between the parties regarding whether the contract permits class arbitration is a dispute "arising out of or in connection with" the agreement. Therefore, pursuant to the terms of the agreement, this issue "shall be fully and finally settled by arbitration." Whether the agreement permits class arbitration is purely a matter of contract interpretation—a task that has been expressly delegated to the arbitrator in this matter. *See e.g., Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 (2010) ("[T]he task of an arbitrator is to interpret and enforce a contract . . . .").

The Court also notes an order issued in a prior case in this district, in which the court found that an arbitrator—not the court—should determine whether the plaintiffs' claims may proceed in arbitration on a class basis. *See Fisher v. General Steel Domestic Sales, LLC*, Case No. 10-cv-1509, 2010 WL 3791181 (D. Colo. Sept. 22, 2010). In *Fisher*, as in the present matter, the parties agreed that the plaintiffs' claims were subject to arbitration; however, the parties disagreed as to whether the court or the arbitrator should determine "whether Plaintiffs' claims and the claims of the putative

7

class are subject to arbitration." *Id*. at *2. The court distinguished *Stolt-Nielsen* on the basis that, unlike *Stolt-Nielsen*, there had been "no stipulation that the arbitration agreement [was] silent on class arbitration." *Id*. Instead, the parties disputed what the agreement said with regard to class arbitration. Thus, "based on the plain language of *Stolt-Nielsen*," the court in *Fisher* concluded that "an arbitrator may, as a threshold matter, appropriately determine 'whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class.'" *Id*. (quoting *Stolt-Nielsen*, 559 U.S. at 668).

In support of its position that the Court should decide whether the agreement permits class arbitration, Defendant cites *Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 1530 (2015), and *Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 2291 (2014). Obviously, the Court is not bound by the decisions of the Third and Sixth Circuits. Moreover, the Court finds these decisions unpersuasive. In reaching the conclusion that the court is to determine whether a particular agreement permits class arbitration, the courts in *Opalinski* and *Reed Elsevier* rely, in part, on a trio of Supreme Court decisions issued after *Bazzle*: *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010), *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), and *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064 (2013). However, those three cases do not squarely address the issue presented in this matter and, therefore, do not serve as binding precedent. *See, e.g., Stolt-Nielsen*, 559 U.S. at 666, 680 (stating that the issue to be addressed was "whether imposing class arbitration on parties whose arbitration clauses are 'silent'

on that issue is consistent with the Federal Arbitration Act" and that it "need not revisit [the question addressed in *Bazzle* of whether a court or an arbitrator decides whether a contract permits class arbitration] because the parties' supplemental agreement expressly assigned this issue to the arbitration panel, and no party argues that this assignment was impermissible"); *Concepcion*, 563 U.S. at 336 (stating that the issue to be addressed was "whether the FAA prohibits States from conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures"); *Oxford Health*, 133 S. Ct. at 2066 (addressing the issue of whether an arbitrator exceeded his powers under § 10(a)(4) of the FAA when he found that the parties' contract provided for class arbitration, where the parties had "agreed that the arbitrator should decide whether their contract authorized class arbitration").

Therefore, in accordance with the guidance provided by the plurality opinion in *Bazzle*, the Court finds that the arbitration clause in the agreement signed by Plaintiff and Defendant in this matter authorizes the arbitrator to interpret the agreement and determine whether it permits Plaintiff's collective and class actions claims to proceed in arbitration.

### III.     CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Compel Arbitration of Plaintiff's Individual Claims and to Dismiss or, Alternatively, to Close or Stay Litigation (Doc. # 9) is GRANTED IN PART AND DENIED IN PART.  Defendant's request for an order finding the arbitration provision valid, enforceable, and applicable to Plaintiff's claims and

compelling Plaintiff to arbitration is denied as moot because Plaintiff concedes that his claims must be arbitrated, and he has, in fact, initiated arbitration of those claims against Defendant. Defendant's request for an order finding that Plaintiff's collective and class action claims are not permitted to proceed in arbitration is denied because the Court finds that the arbitration clause in the agreement signed by Plaintiff and Defendant authorizes the arbitrator to interpret the agreement and determine whether it permits Plaintiff's collective and class action claims to proceed in arbitration. Defendant's request for an order administratively closing this litigation is granted; it is

FURTHER ORDERED that the Clerk of Court shall administratively close this case pursuant to D.C.COLO.LCivR 41.2 and the parties are granted leave to file a motion to reopen this case upon a showing of good cause; it is

FURTHER ORDERED that the parties shall file a joint status report every six months beginning six months from the date of this Order; and it is

FURTHER ORDERED that this Court shall retain jurisdiction over this matter until arbitration has been completed.

DATED: February 17, 2016

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO
United States District Judge