IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-01800-CMA-KHR

MICKEY L. PECK, individually and on behalf of all other similarly situated,

 Plaintiff,

v.

ENCANA OIL & GAS, INC.,

 Defendant.

---

## ORDER APPROVING SETTLEMENT AND DISMISSING THIS CASE

---

This matter is before the Court on the Parties' Joint Motion to Approve Settlement Agreement. (Doc. # 67.) For the following reasons, the Court grants the motion, approves the confidential Settlement (Doc. # 69), and dismisses this case.

### I. BACKGROUND

Plaintiff Ronald Dent commenced this action against Defendant Encana Oil & Gas (USA) Inc. in August 2015 alleging that Defendant violated the Fair Labor Standards Act (FLSA) and the Colorado Wage Claim Act (CWCA) by failing to pay him "time and a half" for work in excess of 40 hours per week. (Doc. # 3.) As pertinent here, in addition to prosecuting these claims on his own behalf, Plaintiff Dent sought to bring his FLSA claim as a collective action. (Doc. # 33.) The parties later stipulated to, and the Court approved, the conditional certification of "[a]ll current and former

Completion Consultants, and all other workers in substantially similar positions, classified as independent contractors by Defendant between January 27, 2104 to the present, and who are not individual signatories to an arbitration agreement with Defendant." (Doc. # 56.) Notice was subsequently circulated and, as pertinent here, two Plaintiffs opted into this case on August 9, 2017. (Doc. # 60.) After months of litigation and candid negotiations, all three Plaintiffs and the Defendant represent that they have reached an agreed-upon Settlement for this Court's approval.

## II.     SETTLEMENT APPROVAL

In a suit by employees against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to "protect certain groups of the population from substandard wages and excessive hours... due to the unequal bargaining power as between employer and employee." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

In order to approve a settlement, the Court reviews the proposal to ensure (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Lynn's Food Stores*, 679 F.2d at 1354.

## A. BONA FIDE DISPUTE

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1234 (M.D. Fla. 2010). To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 718 (E.D. La. 2008). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id.* at 719–20.

In the proposed Settlement, Plaintiffs provide a thorough description of the nature of the dispute, Defendant's business, and the type of work performed by Plaintiffs. There is also a clear description of the Plaintiffs' justification for the disputed wages and Defendants' reasons for disputing the Plaintiffs' right to additional compensation. The Parties likewise disagree about the merits of Plaintiffs' claims and the validity of Defendant's defenses. Plaintiffs acknowledge that resolution of these issues would therefore require significant litigation, with the possibility of limited to no recovery on either side.

The Court finds that a bona fide dispute exists.

### B. FAIR AND REASONABLE

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales. *Baker v. Vail Resorts Mgmt. Co.*, Case No. 13-CV-01649-PAB-CBS, 2014 WL 700096, at *2 (D. Colo. Feb. 24, 2014). When determining whether a settlement is fair and reasonable, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery. *Hargrove v. Ryla Teleservices, Inc.*, Case No. 2:11CV344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013) (citation omitted). There is a strong presumption in favor of finding a settlement fair. *Id.*

The Parties in this suit enjoy representation from experienced counsel, and this Court attributes significant weight to their professional judgment that this agreement represents a fair and reasonable settlement of this dispute. Further, the Court finds that this settlement is a product of arms-length negotiations that took place over the course of months. The settlement also delivers fair value to Plaintiffs, who will receive compensation for lost wages without the risk, expense, and heartache that comes with protracted litigation and trial.

Accordingly, the Court finds that the Settlement is fair and reasonable.

### C. ATTORNEYS' FEES

The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee . . . and costs of the action." 29 U.S .C. § 216(b); *see, e.g.*, *Gray v. Phillips Petrol. Co.*, 971 F.2d 591, 593 (10th Cir. 1992). Though the fee is mandatory, the Court has discretion to determine the amount and reasonableness of the fee. *Wright v. U–Let–Us Skycap Serv., Inc.*, 648 F.Supp. 1216, 1218 (D. Colo. 1986). In common fund cases, it is standard to use a percentage method when calculating attorneys' fees. *See Gottlieb v. Barry*, 43 F.3d 474, 482–83 (10th Cir. 1994); *Barr v. Qwest Communications Co., LLC*, Case No. 01–cv–00748–WYD–KLM, 2013 WL 141565, *3–4 (D.Colo. Jan. 11, 2013). Foremost for this Court, regardless of the method used to calculate fees, is that the fees awarded must be reasonable. *Id.* at 482 (citing *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993) (implying a preference for the percentage of the fund method.)

Whichever method is used, the Court must consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) in determining the reasonableness of a fee award, including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by a client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship

with the client; and (12) awards in similar cases. "[R]arely are all of the Johnson factors applicable." *Uselton*, 9 F.3d at 854.

This Court adopts the percentage-of-the-fund approach, and finds that, taking into consideration the *Johnson* factors, the agreed upon fee and expense request is reasonable as a matter of law. The Settlement provides an award for attorneys' fees and expenses that is 37.5% of the gross settlement amount, and Defendants do not oppose such an award. (Doc. # 67 at 4–6.) This is well within the normal range for a contingent fee award. *See Lucken Family Ltd. Partnership, LLLP v. Ultra Resources*, Inc., Case No. 09–cv–01543–REB–KMT, 2010 WL 5387559, at *5–6 (D. Colo. Dec. 22, 2010) ("The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class.") (citing, inter alia, *Vaszlavik v. Storage Technology Corp.*, Case No. 95–B–2525, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000) ("requested fee of 30% of the settlement is well within the ordinary range of common fund awards," and "[a] 30% common fund award is in the middle of the ordinary 20%–50% range and is presumptively reasonable").); *Cimarron Pipeline Construction, Inc. v. National Council on Compensation*, Case Nos. CIV 89–822–T, CIV 89–1186–T, 1993 WL 355466, at *2 (W.D.Okla. June 8, 1993) (noting that "[f]ees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis," and finding that "attorneys' fees of 33 1/3% of the common fund created by the efforts of counsel for the Class are in line with comparable other cases, [and] consistent with prevailing case law of this circuit"). More importantly, counsel achieved positive results for Plaintiffs, sparing them

from lost energy and funds that often come with extended litigation and trial on the merits.

Accordingly, the award of attorneys' fees and expenses as set forth in the Settlement Agreement is approved.

### III. CONCLUSION

In consideration of the foregoing, the Court ORDERS:

1. The Parties' Joint Motion to Approve the Confidential Settlement Agreement (Doc. # 67) is GRANTED.

2. The Confidential Settlement (Doc. # 69) is APPROVED, including all terms set forth therein and the pro rata distribution of funds set forth in the attached exhibits.

3. This case is DISMISSED WITH PREJUDICE, with each party to bear their own costs and fees except as stated in the Parties' Confidential Settlement Agreement.

Moreover, the Court GRANTS the Parties' Joint Motion for Dismissal of Plaintiff Ronald L. Dent's claims and DISMISSES those claims WITH PREJUDICE. (Doc. # 66.)

DATED: February 22, 2018                BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge